# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00045-CV

---

**Lisa Gail Cobb, Appellant**

**v.**

**The Estate of Jesse Derwood Cobb, Deceased, Appellee**

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV-42568, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Lisa Gail Cobb has filed a petition for permissive appeal seeking to challenge an order denying her motion to overrule appellee's notice of nonsuit in this case in which Cobb also asserts breach of fiduciary duty claims and seeks an accounting of estate assets and injunctive relief.

To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable in a civil action, the requesting party must establish that the trial court, by written order, permitted the appeal and: (1) the order to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion" and (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." Tex. Civ. Prac. & Rem. Code § 51.014(d); *see* Tex. R. App. P. 28.3(e)(4); Tex. R. Civ. P. 168. Here, however, the trial court's order does not grant Cobb permission to seek

permissive appeal, nor does it identify a controlling question of law on which there is substantial ground for disagreement or state why an immediate appeal may materially advance the ultimate termination of the litigation.[1]  *See* Tex. R. Civ. P. 168 ("[A] trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute.  Permission must be stated in the order to be appealed."); Tex. Civ. Prac. & Rem. Code § 51.014(d).  Because we conclude that the petition fails to establish each requirement element, we deny the petition for permissive appeal.  *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); Tex. R. App. P. 28.3(e)(4).

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Filed:   February 27, 2025

---

[1] The order states "This is an appealable order."